UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STANLEY CLIFF SMITH,<br><br>    Petitioner,<br><br>v.<br><br>THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,<br><br>    Respondents. | Civil Action No. 20-202 (FLW)<br><br><br>MEMORANDUM OPINION<br>& ORDER |

    This matter has been opened to the Court by Respondents' motion to dismiss the Petitioner Stanley Cliff Smith's habeas petition ("Petition") as untimely under The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, tit. I, § 101 (1996), and Petitioner's motion for pro bono counsel. (ECF Nos. 13, 18.) For the reasons explained herein, the Court denies without prejudice both motions and will direct Respondents to file their full answer within 45 days.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

    Petitioner was convicted of first-degree murder, N.J.S.A. 2C:11-3(b), second-degree possession of a weapon for an unlawful purpose, N.J.S.A 2C:39-4(d), and third-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b). The sentencing judge merged the gun possession charges into the murder charge, and imposed a thirty-year sentence with a thirty-year parole disqualifier. *See State v. Smith*, 2018 WL 6164805, at *1 (N.J. Super. App. Div. Nov. 26, 2018). (*See also* Exhibit 21.) The Judgment of Conviction was entered on July 19, 2007. (Exhibit 25.)

1

On January 4, 2008, Petitioner filed an appeal of his conviction and sentence. (Exhibit 26.) On August 4, 2010, the Superior Court of New Jersey, Appellate Division affirmed Petitioner's conviction and sentence. (Exhibit 29.) Petitioner then filed a petition for certification in the Supreme Court of New Jersey, which granted certification. On October 25, 2012, the Supreme Court of New Jersey affirmed Petitioner's conviction and sentence. *State v. Smith*, 212 N.J. 365 (2012). (Exhibit 31.)

On January 22, 2013, within the 90-day period, Petitioner filed a petition for certiorari concerning his direct appeal with the Supreme Court of the United States. (Exhibit 33.) On March 4, 2013, the Supreme Court of the United States denied Petitioner's writ of certiorari. *Smith v. New Jersey*, 568 U.S. 1217 (2013) (Exhibit 34.)

Meanwhile, on July 2, 2012, while his direct appeal was still pending in the New Jersey Supreme Court, Petitioner filed a pro se petition for post-conviction relief (hereinafter "July 2012 PCR") in the Superior Court of New Jersey, Law Division – Criminal Part. (Exhibit 30.) On November 26, 2012, the Honorable Pedro J. Jimenez, J.S.C. dismissed Petitioner's July 2012 PCR on the grounds that Petitioner's direct appeal was still pending at the time of the filing.[1] (Exhibit 32.)

On May 10, 2013, Petitioner's renewed his PCR petition (hereinafter "May 2013 PCR"), which is dated May 1, 2013, and was stamped received by the Superior Court of New Jersey, Law Division – Criminal Part on May 10, 2013. (Exhibit 35.) On September 6, 2016, following a hearing on certain claims, the PCR court issued an opinion and Order denying Petitioner's second PCR. (Exhibit 36.)

---

[1] The Supreme Court of New Jersey affirmed Petitioner's conviction and sentence on October 25, 2012, *State v. Smith*, 212 N.J. 365 (2012), prior to the dismissal of Petitioner's July 2012 PCR.

On January 26, 2017, Petitioner filed a late appeal, and it is unclear if he sought leave to appeal out of time. (Exhibit 37.) On November 26, 2018, the Appellate Division affirmed the denial of Petitioner's May 2013 PCR as untimely and on the merits. (Exhibit 41.) The Appellate Division's timeliness analysis is reproduced below:

> We affirm the denial of defendant's PCR petition for the reasons set forth in Judge Lydon's thoughtful and cogent written opinion. We add only the following comments.
>
> In accordance with Rule 3:22-6A(2), when a first PCR petition is dismissed without prejudice, the petition may be refiled as a first petition if it is filed "within 90 days of the date of the judgment on direct appeal" or within five years of the date of the entry of the judgment of conviction. In this case, defendant's PCR petition refiled on May 10, 2013 was not timely under the Rule because ninety days from the New Jersey Supreme Court's denial of defendant's petition for certification was January 20, 2013, and five years from the entry of the judgment of conviction was May 17, 2012.
>
> Defendant contends his May 2013 petition was timely because it was filed within ninety days of the denial of his writ of certiorari to the United States Supreme Court. We reject this argument because "[f]ederal habeas corpus proceedings will not be deemed to toll the time prescribed by [Rule 3:22-12]." Pressler & Verniero, N.J. Court Rules, cmt. 2 to R.3:22-12(2019) (citing *State v. Milne*, 178 N.J. 486, 494 (2004)) ("[A] defendant's pursuit of federal review ordinarily would not extend the time frame within which to file a PCR petition in State court.").
>
> On this record, we are satisfied the May 2013 PCR application was untimely and therefore should be treated as defendant's second petition. As a second or subsequent PCR petition, Rule 3:22-4(b) and Rule 3:22-12(a)(2) apply.
>
> A second or subsequent PCR petition is untimely when filed more than one year after the latest date of: (A) a newly asserted constitutional right was recognized and made retroactive; (B) a newly discovered factual predicate was discovered, if it could not have been discovered earlier through reasonable diligence; or (C) a prior PCR petition was denied in which PCR counsel was allegedly ineffective. R.3:22-4(b);R.3:22-12(a)(2).
>
> Defendant's second PCR application did not concern a newly recognized constitutional right or a newly discovered factual predicate that could not have been discovered earlier. All of the

3

> information raised in defendant's second PCR petition related to his ineffective assistance of counsel claim could have been discovered sooner through the exercise of reasonable diligence. *See State v. Brewster*, 429 N.J. Super. 387, 399-400 (App. Div. 2013).  Nor does defendant raise ineffective assistance of PCR counsel, as he did not have counsel on his first PCR petition.

*See* Exhibit 41 at 5-7.  The Appellate Division then went on to "reject all of defendant's arguments asserting ineffective assistance of counsel for the reasons expressed in [PCR Court's] comprehensive written decision[,]" and also rejected Petitioner's pro se arguments.  *See id.* 8-10.  On June 3, 2019, the Supreme Court of New Jersey denied the petition for certification. *State v. Smith*, 238 N.J. 370 (2019). (Exhibit 42.)

Petitioner's initial federal habeas Petition is dated December 17, 2019, and was docketed on January 6, 2019.  *See* ECF No. 1.  On December 23, 2020, Respondents filed the instant motion to dismiss, and on March 23, 2021, Petitioner filed a motion for pro bono counsel and opposition to the motion to dismiss.  *See* ECF Nos. 13, 18.

## II.   STANDARD OF REVIEW

In their motion to dismiss, Respondents assert that the Petition is untimely under AEDPA, which generally requires a state prisoner file his or her federal habeas petition within one year after his or her conviction becomes final.  *See Thompson v. Adm'r N.J. State Prison*, 701 F. App'x 118, 121 (3d Cir. 2017); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013).  Specifically, AEDPA provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

4

> the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2254(d)(1)(A), the conclusion of direct review occurs when the Supreme Court of the United States affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari; where a prisoner chooses not to seek a writ of certiorari, then the conviction becomes final when the time for filing a certiorari petition expires. *See Jimenez v. Quarterman*, 555 U.S. 113, 119, (2009) (applying this principle to petition filed under § 2254).

Furthermore, under 28 U.S.C. 2241(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." This exception to the one-year limitation period is known as statutory tolling and provides that the one-year limitations period is tolled during the time a properly filed application for post-conviction relief is pending. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003).

To fall within the AEDPA tolling provision, the petition for state post-conviction review must have been both "pending" and "properly filed." *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir.), *cert. denied*, *Horn v. Fahy*, 534 U.S. 944 (2001). An application for post-conviction relief is considered "pending" within the meaning of § 2244(d)(2) during the period between a lower

5

state court's ruling and the period a petitioner has to seek review of the decision, whether or not the appeal was actually sought. *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year state of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. D.A. of the County of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme Court of the United States held that a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2). *Id.*, at 414, 417 ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"). In *Pace*, the Supreme Court built upon a distinction that it had earlier articulated in *Artuz v. Bennett*, 531 U.S. 4 (2000), between postconviction petitions rejected on the basis of " 'filing' conditions," which are not "properly filed" under § 2244(d)(2), and those rejected on the basis of "procedural bars [that] go to the ability to obtain relief," which are. *Pace*, 544 U.S. at 417 (citing *Artuz*, *supra*, at 10–11). As explained by the Supreme Court in *Allen v. Siebert*, 552 U.S. 3, 6 (2007), statutes of limitations are "filing" conditions because they "go to the very initiation of a petition and a court's ability to consider that petition." (citing *Pace*, 544 U.S., at 417). As such, "time limits, *no matter their form*, are 'filing' conditions," and a state postconviction petition is therefore not "properly filed" if it was rejected by the state court as untimely. *Id.* (emphasis added in *Allen*).

Because the AEDPA limitations period is not jurisdictional, it may also be equitably tolled in appropriate circumstances. *See Holland v. Florida*, 560 U.S. 631, 645–49 (2010); *see also Gottlieb v. Johnson*, No. CV 16-4213 (FLW), 2018 WL 624102, at *6 (D.N.J. Jan. 30,

2018), *certificate of appealability denied sub nom. Gottlieb v. Attorney Gen. of State of New Jersey*, No. 18-1570, 2018 WL 4488899 (3d Cir. June 19, 2018). "Generally, a litigant seeking equitable tolling [of the AEDPA's one-year statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013); *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011); *Ross*, 712 F.3d at 798–99.

### III.    ANALYSIS

For the reasons explained in this Memorandum and Order, the Court denies without prejudice the motion to dismiss. The Court briefly addresses Respondents' arguments for dismissal and attempts to clarify the pertinent timeliness issues for the parties.

In his opposition brief, Petitioner argues that Respondents are incorrect to count the gap between his JOC and the filing of his direct appeal toward the AEDPA one-year limitations period because Petitioner's direct review did not conclude until March 4, 2013. Petitioner is correct. In *Jimenez v. Quarterman*, the Supreme Court interpreted § 2244(d)(1)(A) and held that where "a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A). In such a case, 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review' must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal." 555 U.S. at 121. Based on the record provided, it appears that Petitioner's belated direct appeal was accepted by the Appellate

Division and decided on the merits. Moreover, after the New Jersey Supreme Court denied certification, Petitioner subsequently filed a petition for certiorari within the 90-day period, which was denied on March 4, 2013. Because Petitioner's direct review did not conclude until March 4, 2013, the AEDPA limitations period had not yet started when this gap occurred, and the Court does not count this gap in calculating the one-year period.

Petitioner's conviction became final on March 4, 2013, the day the Supreme Court of the United States denied Petitioner's writ of certiorari, and the limitations period began to run the following day on March 5, 2013. By the Court's calculations, 66 days elapsed between the denial of certiorari by the United States Supreme Court and the filing of Petitioner's May 2013 PCR on May 10, 2013.[2]

With respect to the May 2013 PCR, the Appellate Division found it untimely <u>as a first PCR</u>, and also determined that it failed as a second PCR. As explained by the Supreme Court in a series of decisions construing § 2244(d), there is a distinction between postconviction petitions rejected on the basis of "'filing' conditions," which are not "properly filed" under § 2244(d)(2), and those rejected on the basis of "procedural bars [that] go to the ability to obtain relief," which are. *See Pace*, supra, at 417 (citing *Artuz*, 531 U.S. at 10-11). Respondents do not address whether the May 2013 PCR was "properly filed" under the New Jersey Rules.

It appears clear that the May 2013 PCR was rejected as untimely under N.J. Ct. R. 3:22-6A(2), which considers whether a PCR petition that is dismissed without prejudice may be refiled as a first PCR, and was treated as a second PCR ("On this record, we are satisfied the May 2013 PCR application was untimely and therefore should be treated as defendant's second

---

[2] Because Petitioner's July 2012 PCR was filed and dismissed prior to the conclusion of direct review, the Court need not consider whether it was properly filed or whether Petitioner would be entitled to statutory tolling on the July 2012 PCR.

petition."). The Appellate Division then considered whether Petitioner's May 2013 met the requirements a second PCR, as outlined in Rule 3:22-4(b) and Rule 3:22-12(a)(2), and determined that it did not because it raised issues that were only cognizable in an initial PCR. The parties have not addressed whether the Appellate Division rejected the May 2013 as untimely under N.J. Ct. R. 3:22-4(b) and N.J. Ct. R. 3:22-12(a)(2) as well.[3]

For purposes of this decision only, the Court does not count the time during which the May 2013 PCR was pending (from May 10, 2013-September 6, 2016) toward the AEDPA limitations period. The limitations period began to run again, however, 45 days after the denial of Petitioner's PCR, when the time to appeal expired, *see* N.J. Ct. R. 2:4-1 (requiring appeals of final judgments to be filed within the forty-five days immediately following entry). The limitations period ran for 86 days until Petitioner appealed the denial of his PCR on January 26, 2017, and remained tolled until the New Jersey Supreme Court denied certification on June 3, 2019.[4]

After Petitioner's state court proceedings concluded, the limitations period ran again for 196 days, from June 4, 2019, until December 17, 2019, the date on which Petitioner handed his Petition to prison officials for filing. *See* ECF No. 1 at 16. Respondents use March 11, 2020, as the initial filing date of Petitioner's federal habeas petition. The Petition filed on that date, however, was filed in response to the Court's Order dated January 22, 2020, which provided the notice pursuant to *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000). In the *Mason* Order, the Court

---

[3] If the May 2013 PCR was also rejected as untimely <u>as a second PCR</u>, the one-year limitation period began to run again on March 5, 2013, and continued to run for 2478 days until Petitioner filed the instant federal habeas petition on December 17, 2019. The Court declines to make this determination without adequate briefing.

[4] This calculation assumes without deciding that the Appellate Division accepted Petitioner's out of time appeal when he filed it, and that Petitioner timely sought certification after the Appellate Division denied his appeal.

clearly stated that it would toll the time for 45 days in order to allow Petitioner to respond to the *Mason* Order and complete his Petition on the correct form. As such, this time also does not count toward the one-year limitations period.

Assuming the Court's timeline above is correct, 348 days elapsed of the one-year AEDPA limitations period, and the Petition is timely with a week to spare. Because issues remain unresolved with respect to timeliness—specifically, whether Petitioner is entitled to statutory or equitable tolling during the pendency of his May 2013 PCR and appeal—the Court denies without prejudice the motion to dismiss the Petition as untimely and directs Respondents to file a full answer where they can re-raise timeliness with the proper calculations, record, and legal analysis. If Respondents re-raise timeliness in their full answer (with appropriate support), Petitioner should respond in his Traverse with any equitable tolling arguments he wishes the Court to consider.

That brings the Court to Petitioner's motion for counsel. (ECF No. 18.) The Court previously denied Petitioner's motion for counsel as premature and because he did not establish he was indigent. There is no constitutional right to counsel in a federal habeas corpus proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *cert. denied*, 503 U.S. 988 (1992), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d). Nevertheless, under 18 U.S.C. § 3006A, courts may appoint counsel to habeas petitioners if they are "financially eligible" and if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *see also Thompson v. D'Ilio*, 2018 WL 6182431, at *2 (D.N.J. 2018).

In determining whether the interests of justice require appointment of counsel, the Court considers whether the petitioner has presented a meritorious claim. *See Biggins v. Snyder*, Civ.

No. 99-188, 2001 WL 125337, at *3 (D. Del. Feb. 8, 2001) (citing *Reese*, 946 F.2d at 263-(other citations omitted)). Next, the Court must determine whether the appointment of counsel will benefit both the petitioner and the Court by examining the legal complexity of the case and the petitioner's ability to present his claims and investigate facts. *See Biggins*, 2001 WL 125337, at *3 (citing *Reese*, 946 F.2d at 264; *Parham*, 126 F.3d at 457-58; *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993)) (other citations omitted). "Where these issues are straightforward and capable of resolution on the record, or when the petitioner has a good understanding of the issues and the ability to present forcefully and coherently h[er] contentions, the court would not abuse its discretion in declining to appoint counsel." *Biggins*, 2001 WL 125337, at *3 (citations and internal quotation marks omitted).

The Court has reviewed Petitioner's financial submission and finds that he has established that he is financially eligible for purposes of appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B). Nevertheless, the Court finds that appointment of counsel is not warranted at this time because the Court has denied without prejudice Respondents' motion to dismiss on timeliness grounds, Respondents have not yet filed their Answer, and it is unclear whether Plaintiff has any meritorious claims.

Petitioner asserts that he needs appointed counsel to show that his Petition is not untimely under AEDPA, but there is nothing to suggest that Petitioner is unable to make these arguments on his own behalf. Indeed, Petitioner's opposition brief recognized at least one mistake in Respondents' timeliness calculation, and the Court has now clarified the timeliness issues for the parties.

Moreover, there is nothing to suggest that Petitioner is unable to make equitable tolling arguments on his own behalf should his Petition be untimely. "Generally, a litigant seeking

11

equitable tolling [of the AEDPA's one-year statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418 (citation omitted). To the extent the Petition is untimely, the facts showing that Petitioner is entitled to equitable tolling <u>are within Petitioner's knowledge</u>. Thus, if Respondents re-raise timeliness in their full answer, and the record and law establish that the Petition is untimely, Petitioner should provide all facts within his knowledge, along with any relevant evidence, to establish that he was diligently pursuing his rights and some extraordinary circumstances stood in his way.[5]

For all these reasons, the Court finds that appointing counsel is not appropriate at this stage of the proceedings, and the Court denies without prejudice the motion for pro bono counsel.

**IT IS, THEREFORE**, on this 22nd day of July 2021,

---

[5] As to the diligence prong, the Supreme Court in *Holland v. Florida* held that a showing for equitable tolling requires reasonable diligence and "not maximum feasible diligence." *Holland*, 560 U.S. at 653; *see also Ross*, 712 F.3d at 799. The Third Circuit has noted that a petitioner must exercise diligence throughout the process of exhausting state court remedies, not only in filing a habeas petition. *Ross*, 712 F.3d at 799. A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case. *Id.* at 799 (*citing Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.") (emphasis added) (internal quotation marks and citation omitted). Although the diligence test is applied subjectively, it is still applied to litigants proceeding pro se—a petitioner's "lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 799–800. Circumstances that are sufficiently extraordinary under the second equitable tolling prong have been found where (1) the respondent has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; (3) the petitioner has timely asserted his rights mistakenly in the wrong forum; or (4) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

**ORDERED** that Respondents' motion to dismiss the Petition as untimely under AEDPA (ECF No. 13) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Petitioner's motion for pro bono counsel (ECF No. 18) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Respondents shall file their full answer within 45 days of the date of this Memorandum Opinion and Order; and it is further

**ORDERED** that Respondents' answer shall respond to each factual and legal allegation of the Petition, in accordance with Habeas Rule 5(b); and it is further

**ORDERED** that Respondents' answer shall address the merits of each claim raised in the Petition by citing to relevant federal law; and it is further

**ORDERED** that, in addition to addressing the merits of each claim, Respondents shall raise by way of its answer any appropriate defenses which they wish to have the Court consider, including, but not limited to, exhaustion and procedural default, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' answer or at the earliest practicable moment thereafter may be deemed waived; and it is further

**ORDERED** that Respondents are free to reraise timeliness in their full answer provided they provide the complete record, the correct calculations, and the appropriate legal analysis; and it is further

**ORDERED** that Respondents' answer shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any pro se filings; and it is further

**ORDERED** that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer; and it is further

**ORDERED** that Respondents shall electronically file the answer, the exhibits, and the list of exhibits; and it is further

**ORDERED that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:**

"**Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX**" or

"**Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY**"; and it is further

**ORDERED** that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondents file the answer, see Habeas Rule 5(e); it is further

**ORDERED** that if Respondents reraise timeliness in their full answer, Petitioner shall provide all facts and evidence regarding equitable tolling that he wishes the Court to consider; and it is further

**ORDERED** that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that that the Clerk shall send a copy of this Order to Petitioner at the address on file.

_____
Freda L. Wolfson
U.S. Chief District Judge